IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHEILA S. DARWIN, | ] |
| Plaintiff, | ] |
| v. | ] CV-01-BE-3120-S |
| BUD'S BEST COOKIES, INC., | ] |
| Defendant. | ] |

**ENTERED**
JUL 10 2003

## MEMORANDUM OPINION

This case is before the court on Defendant's Motion to Reconsider (Doc. 60). The court hereby GRANTS Defendant's Motion to Reconsider and reconsiders its April 22, 2003, Order denying Defendant Bud's Best Cookies, Inc.'s ("Bud's Best") Motion for Summary Judgment on plaintiff's hostile work environment claim[1] in Count One. After reconsidering this court's April 22, 2003, ruling, the court hereby GRANTS Defendant's Motion for Summary Judgment on plaintiff's hostile work environment claim for the reasons stated below. Thus, the remaining claims in the lawsuit are plaintiff's claims for race and sex discrimination and retaliation based on her job transfer, shift change, and reduction in pay (Count Two) and plaintiff's claim for retaliatory discharge (Count Three).

---

[1] In *Frederick v. Sprint/United Management Company*, the Eleventh Circuit noted that the Supreme Court has indicated that courts should no longer use the label "hostile environment" to analyze whether an employer should be held liable on an employee's Title VII claim concerning a supervisor's sex-based harassment. 246 F.3d 1305, 1311-12 (11th Cir. 2001) (citing *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998) and *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 753, 765 (1998)). Because plaintiff alleges that her supervisor's harassment culminated in her job transfer, shift change, and demotion, the court analyzes plaintiff's "hostile environment" claim as a claim for harassment that culminated in a "tangible employment action." *Frederick*, 246 F.3d at 1311 (citations omitted).

1

After considering the briefs and arguments of the parties at a hearing on April 16, 2003, the court issued an Order on April 22, 2003, denying Defendant's Motion for Summary Judgment. Although the court stated at the hearing on April 16, 2003, that it was inclined to grant defendant's motion with respect to plaintiff's claim of a sexually hostile work environment, the court reconsidered its oral ruling and denied defendant's motion in the Order issued on April 22, 2003. The court denied defendant's motion after reviewing an Eleventh Circuit case, *Frederick v. Sprint*, 246 F.3d 1305, 1311 (11th Cir. 2001), in which the appellate court held that an "employer is automatically held vicariously liable for the harassment" when a supervisor "engages in harassment which results in an adverse 'tangible employment action' against the employee." In applying the above language to the case at hand, the court erroneously concluded that an employee alleging a tangible employment action need not establish a prima facie case of harassment. That is, the court concluded that because plaintiff had produced evidence of some harassment by her supervisor and had also produced evidence that she suffered an adverse tangible employment action as a result of her complaining about such harassment, defendant was "automatically held vicariously liable for the harassment." *Frederick*, 246 F.3d at 1311.

After reviewing additional Eleventh Circuit case law, the court concludes that while an employee alleging a tangible employment action is not subject to the *Farragher/Ellerth* defense, the employee must still meet the long-standing requirement in the Eleventh Circuit of establishing a prima face case of harassment. In *Pipkins v. City of Temple Terrace*, 267 F.3d 1197, 1200 (11th Cir. 2001), a post-*Frederick* case, the Eleventh Circuit provided the following explanation of sexual harassment claims:

> Generally, sexual harassment claims are argued as either hostile work

2

environment claims or quid pro quo claims. The difference between the two is that the former do not result in tangible employment actions, while the latter do. *See Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 760-763, 141 L. Ed. 2d 633, 118 S. Ct. 2257 (1998). Although the elements for a prima facie case for these two kinds of claims formerly were analyzed under slightly varying tests, this court has indicated a willingness to abandon the distinction. *See Johnson v. Booker T. Washington Broad. Serv. Inc.*, 234 F.3d 501, 508 n.7 (11th Cir. 2000); *cf. Ellerth*, 524 U.S. at 751-54. The previous test for a prima facie case of quid pro quo sexual harassment, found in *Virgo v. Riviera Beach Assocs., Ltd.*, 30 F.3d 1350, 1361 (11th Cir. 1994), was similar to the *Mendoza* test laid out above. *See Johnson* for a discussion of the similarities between the two tests and the reasons for abandoning the distinction.

In *Johnson v. Booker T. Washington Broadcasting Service Inc.*, 294 F.3d 501, 509 (11th Cir. 2000), the Eleventh Circuit held that a plaintiff asserting a sexual harassment claim must demonstrate a prima facie case of sexual harassment, regardless of whether the plaintiff is claiming that the harassment resulted in a tangible employment action. In footnote seven of the *Johnson* opinion, the appellate court clearly applied the prima facie requirement for sexual harassment cases to a claim for harassment that culminated in a tangible employment action. *See Johnson*, 294 F.3d at 509 n.7 ("Seeing no important distinction between a prima facie case under *quid pro quo* as opposed to hostile environment claims, we will apply the *Mendoza* factors to Johnson's claims, irrespective of the terms 'quid pro quo' and 'hostile environment.'") (emphasis added).

Thus, in the instant case, plaintiff must establish a prima facie case of harassment before her employer will be held vicariously liable for the alleged harassment.² To establish a prima facie case of harassment, plaintiff must establish: (1) that she belongs to a protected group; (2)

---

²The court reaches this conclusion despite plaintiff's ironclad statement that "[t]here is not a requirement of proving a severe and pervasive environment [when harassment culminates in a tangible employment action] . . .[t]hat is an artificially contrived element Defendant has asked this [c]ourt to add, ignoring the clear holdings of not only the Eleventh Circuit, but the Supreme Court." Pl. Response at 4.

that she has been subject to unwelcome sexual harassment, such as sexual advances, requests for sexual favors, and other conduct of a sexual nature; (3) that the harassment was based on her sex; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) a basis for holding the employer liable. *Johnson*, 234 F.3d at 509 (citing *Mendoza v. Borden, Inc.,* 195 F.3d 1238, 1245 (11th Cir. 1999)).

The court finds that plaintiff failed to establish the fourth *Mendoza* factor–that the harassment was sufficiently sever or pervasive to alter the terms and conditions of plaintiff's employment. Harassment is severe or pervasive for Title VII purposes only if it is both subjectively and objectively severe and pervasive. *Mendoza*, 195 F.3d at 1246. "When determining whether harassment is objectively severe and pervasive, courts consider 'the frequency of the conduct,' 'the severity of the conduct,' 'whether the conduct is physically threatening or humiliating, or a mere offensive utterance,' and 'whether the conduct unreasonably interferes with the employee's job performance.'" *Johnson*, 234 F.3d at 509 (citing *Mendoza*, 195 F.3d at 1246).

Although the record[3] indicates that plaintiff's supervisor, Mr. Putnam, routinely used profanity in dealing with all of his employees, profanity that does not relate to sex cannot be the basis for a sexual harassment claim. Title VII is not a general civility code. *Mendoza*, 195 F.3d

---

[3]The facts set out in this Order are gleaned from the briefs submitted by the parties regarding defendant's Motion for Summary Judgment, the parties' stipulated facts as set forth in the Joint Pretrial Order, and the court's own examination of the evidentiary record. All reasonable doubts about the facts have been resolved in favor of the nonmoving party. *See Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002). These are the "facts" for summary judgment purposes only. They may not be the actual facts. *See Cox v. Adm'r U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994).

at 1245-46. Thus, the court must determine whether Mr. Putnam's alleged <u>sexual</u> harassment was sufficiently frequent, severe, and humiliating to unreasonably alter plaintiff's working conditions. During the three-month period that plaintiff worked for Mr. Putnam, plaintiff alleges the following occurrences of sexual harassment:

1. Mr. Putnam commented to plaintiff that two of her coworkers were lesbians on multiple occasions, and after the coworkers arrived late to work one day Putnam told plaintiff the coworkers were late because they must have "just finished getting some."
2. A coworker told Mr. Putnam to "suck his dick" and Mr. Putnam responded "What dick?".
3. Mr. Putnam remarked to plaintiff that Putnam would like to "put his face" in a coworker's breasts and that he would like to "have" or "get with her."

Even assuming that all of these incidents qualify as sexual harassment, these half-dozen comments of a sexual nature within a three-month period are not sufficiently frequent to alter plaintiff's working conditions. First, approximately six comments of a sexual nature within a three-month period is not sufficiently frequent to constitute a "continuous barrage of sexual harassment." *Dees v. Johnson Controls World Servs., Inc.*, 168 F.3d 417, 418 (11th Cir. 1999). Second, none of the sexual comments were about the plaintiff. Thus, although Mr. Putnam's sexual comments about plaintiff's co-workers were highly inappropriate, they were not severe, personally humiliating, or physically threatening. Furthermore, the alleged sexual conduct did not directly interfere with plaintiff's job performance. The record indicates that the disagreements between plaintiff and Mr. Putnam were not caused by sexual comments made by Mr. Putnam, but were instead caused by clashing personalities and disagreements over Mr. Putnam's scheduling decisions. Thus, the court finds that the conduct alleged by plaintiff was

5

not sufficiently severe or pervasive that it falls within the definition of sexual harassment.

Because the court finds that plaintiff failed to establish a prima facie case of sexual harassment as required by Eleventh Circuit law, the court reconsiders its April 22, 2003, Order and grants defendant's Motion for Summary Judgment on plaintiff's hostile work environment claim. A separate Order in conformity with this Memorandum Opinion will be entered.

DONE and ORDERED this 10th day of July, 2003.

_____
KARON O. BOWDRE
UNITED STATES DISTRICT JUDGE